UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARLAND A. JONES, | No. 2:17-cv-0738 WBS DB P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. By order dated November 13, 2018, plaintiff's first amended complaint was screened and dismissed for failure to state a claim. (ECF No. 25.) Plaintiff was directed to file an amended complaint within thirty days. Plaintiff has now filed a motion requesting an extension of time to file a second amended complaint, the appointment of counsel, and a copy of the prisoner complaint form used in this district. (ECF No. 26.)

Plaintiff has requested the appointment of counsel. (ECF No. 26.) In support of his motion he argues the court should appoint counsel because he has numerous legal actions pending currently. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the

////

voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.  At this point, the court cannot evaluate plaintiff's likelihood of success on the merits because he has not stated a cognizable claim.  Accordingly, the court will deny the motion to appoint counsel without prejudice to its renewal at a later stage of the proceedings.

Plaintiff has also requested an extension of time to file an amended complaint pursuant to the court's order of November 14, 2018.  Good cause appearing the court will grant plaintiff an extension of time to file an amended complaint.

Plaintiff further requested that the court provide him with another complaint form.  He states there was not a complaint form included with the court's November 13, 2018 order or if he did receive the form he misplaced it.  The court will provide an additional complaint form as a one-time courtesy.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 26) is denied;

2. Plaintiff's request for an extension of time (ECF No. 26) is granted; and

3. Plaintiff is granted thirty days from the date of this order in which to file an amended complaint.

////

////

////

////

1     4. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: December 18, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Civil.Rights/jone0738.36+31

3