UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARLAND A. JONES,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA CORRECTIONAL<br>HEALTH CARE SERVICES, et al.,<br><br>Defendants. | No. 2:17-cv-0738 WBS DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants violated his rights by failing to provide proper medical care and was retaliated against for filing appeals. Presently before the court is plaintiff's second amended complaint for screening (ECF No. 28) and plaintiff's motion requesting all hearing transcripts (ECF No. 29). For the reasons set forth below, the court will recommend that the complaint be dismissed without leave to amend and deny the motion requesting hearing transcripts.

**SCREENING**

**I.  Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. §

1

1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

2

(1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Background**

By order dated October 25, 2017, the court dismissed the original complaint for failure to state a claim.  (ECF No. 18.)  The court found that the defendants identified by plaintiff were immune under the Eleventh Amendment.  Plaintiff was given leave to amend the complaint and was advised that in order to state a claim he must identify as a defendant only those persons who personally participated in depriving him of a federal constitutional right.

Upon screening plaintiff's first amended complaint, the court found it failed to state a claim because plaintiff failed to allege facts showing how the named defendants violated his rights. (ECF No. 25.)  Plaintiff was provided with the standards for stating a claim under the Eighth Amendment and advised that in an amended complaint he must state facts connecting each defendant's actions to the alleged rights violations.

**III.    Allegations in the Amended Complaint**

In the second amended complaint, plaintiff identifies as defendants: (1) California Correctional Health Care Services; (2) R. Mitchell; (3) K. Toor; (4) C. Smith; (5) I. Singh; and (6) J. Lewis.  (ECF No. 28 at 1.)  Plaintiff further indicates that the alleged rights violations occurred at several different institutions throughout California.  Plaintiff's allegations are not entirely legible.  However, it appears that plaintiff claims he is not receiving adequate medical treatment.

3

(Id. at 3-5.) He further alleges that the lack of treatment is causing him to fear for his safety and suffer psychological distress.

Based on review of prior complaints and exhibits filed in this action it appears plaintiff was prescribed a medication that caused him to develop breast tissue. (ECF Nos. 1, 12, 16, 21.) Plaintiff has filed numerous medical request forms requesting corrective surgery. He claims that he is under the care of defendants and they refuse to assist him with a situation in which they bear partial responsibility. (ECF No. 28 at 6.) Review of the staff response to his medical requests indicates that the requested surgery has been denied because medical officials have determined it is not medically necessary. (See e.g., ECF No. 16 at 16.)

Plaintiff requests "the maximum professional and individual relief available along with the performance of chest reduction surgery . . . ." He also requests compensation for his emotional suffering.

**IV.     Failure to State a Claim**

The Civil Rights Act (42 U.S.C. § 1983) requires that there be an actual connection or link between the actions of defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). To state a claim for relief under § 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

A plaintiff must clearly identify which defendants he feels are responsible for each violation of his constitutional rights and the factual basis. The complaint must put each defendant on notice of plaintiff's claims against him or her. See Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004). Although pro se pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Even a liberal interpretation

of a civil rights complaint may not support essential elements of the claim that were not initially pled. Id.

The court previously advised plaintiff that in any amended complaint he must state facts showing how each defendant violated his rights. (ECF No. 25 at 5-6.) However, as in the first amended complaint, plaintiff has failed to state any facts connecting the alleged violation, here the failure to treat plaintiff's medical needs, to any named defendant. The court finds that the second amended complaint fails to state a claim because it does not contain any facts connecting a named defendant to the alleged rights violations.

**V.     No Leave to Amend**

The court will recommend that the second amended complaint be dismissed without leave to amend because plaintiff was previously notified of the deficiencies and has failed to correct them. A plaintiff's "repeated failure to cure deficiencies" constitutes "a strong indication that the [plaintiff] has no additional facts to plead" and "that any attempt to amend would be futile[.]" See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 10088 (9th Cir. 2009) (internal quotation marks omitted) (upholding dismissal of complaint with prejudice when there were "three iterations of [the] allegations—none of which, according to [the district] court, was sufficient to survive a motion to dismiss"); see also Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and had discussed with plaintiff the substantive problems with his claims), amended by 234 F.3d 428, overruled on other grounds by Odom v. Microsoft Corp., 486 F.3d 541, 551 (9th Cir. 2007); Plumeau v. Sch. Dist. 40 Cnty. of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

Because plaintiff has been given two prior opportunities to amend the complaint to cure the deficiencies and was unable to do so, the court will recommend that the dismissal be without leave to amend. Where a "plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad." Zucco, 552 F.3d at 1007 (quotations and citations

omitted). The court finds that granting further leave to amend would be futile because plaintiff was previously notified of the deficiencies and failed to fix them in the amended complaint.

## MOTION TO RECEIVE TRANSCRIPTS

Plaintiff has also filed a motion requesting the transcripts from any hearings regarding this case. (ECF No. 29.) Pursuant to Local Rule 230(l) any motions in a prisoner case "shall be submitted upon the record without oral argument unless otherwise ordered by the court." Plaintiff has not stated a potentially cognizable claim and no hearings have been held in this action. Accordingly, the court will deny as moot plaintiff's motion requesting all hearing transcripts.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion requesting all hearing transcripts (ECF No. 29) is denied as moot.

IT IS HEREBY RECOMMENDED that the second amended complaint be dismissed without leave to amend.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 20, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/prisoner-civil rights/jone0738.scrn3

6